UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN COX,

        **Plaintiff,**

  v.                                    Civil Action 2:22-cv-00475
                                            Judge Michael H. Watson
                                            Magistrate Judge Elizabeth P. Deavers

MONROE COUNTY, OHIO, *et al.*,

        **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate represented by counsel, brings this civil rights action under 42 U.S.C. § 1983 and Ohio state law against Monroe County, Ohio ("Monroe County"); Monroe County Sheriff Charles R. Black, Jr. ("Sheriff Black"); Sargent Rush; John and Jane Doe Officers 1–25 (the Doe Defendants"); and the Ohio Department of Medicaid's Tort Recovery Unit ("ODMTRU").  Plaintiff alleges that he was subjected to excessive force and denied medical care while incarcerated at the Monroe County Correctional Facility.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's § 1983 claims against Sheriff Black and

the Doe Defendants in their personal capacities. The Undersigned, however, further **RECOMMENDS** that Plaintiff be given the opportunity to amend his Complaint.

I.

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,'

2

. . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## II.

The Complaint alleges the following facts. On February 7, 2020, Plaintiff was incarcerated at the Monroe County Correctional Facility. (ECF No. 4, ¶ 14.) An official at that facility, Sergeant Rush, distributed e-cigarettes to Plaintiff and other inmates and then asked for their return. (*Id*., ¶¶ 15–18, 20.) When Plaintiff took too long to return his e-cigarette, Sergeant Rush yelled expletives at him, grabbed him by the arms, and slapped hot coffee out of his hands causing it to spill on him and other inmates. (*Id*., ¶¶ 19–21.) Sergeant Rush then slammed Plaintiff against a wall before cuffing him, dragging him down steps, and bashing his head into a

door, or some other structure, at least four times. (*Id*., ¶¶ 22, 25, 27.) Plaintiff was placed in segregation for a week and prevented from seeking medical care. (*Id*., ¶¶ 26, 28.) Plaintiff alleges that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated. (*Id*., ¶ 34.) He seeks $75,000, in punitive damages; pre and post-judgment interest; attorneys' fees; expert witness fees; and a judgment declaring the ODMTRU subrogation and/or reimbursement interest in any award made to Plaintiff or barring that entities' recovery from Plaintiff until he is made whole. (*Id*., PageID # 40.)

### III.

Plaintiff's § 1983 claims against Sheriff Black and the Doe Defendants in their personal capacities should be dismissed pursuant to § 1915A. The elements of a § 1983 cause of action are: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). The person acting under color law must have been personally involved in the unconstitutional conduct. *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.") (citing *Murphey v. Grenier*, 406 Fed. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability")). Accordingly, a plaintiff must allege "personal involvement of the defendant in causing plaintiff's injury." *Dotson v. Wilkinson*, 477 F. Supp.2d 838, 847 (N.D. Ohio 2007) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)).

Plaintiff's allegations against Sheriff Black and the Doe Defendants fall short. Although he alleges that the "Defendants actively participated in the use of excessive force" against him (ECF No. 4, ¶ 53), Petitioner fails to allege any facts indicating that any individual, other than Sergeant Rush, used force of any kind against him. Similarly, Plaintiff alleges that the

4

"Defendants acted with knowledge or reason to know facts that would lead a reasonable person to believe that their conduct creates an unnecessary risk of physical harm" and that they acted with a "perverse disregard of a known risk" to him.  (*Id*., ¶¶ 39, 40.)  But Plaintiff fails to allege facts indicating a known or obvious risk, or that Sheriff Black or the Doe Defendants in fact knew or should have known of it.  Likewise, Plaintiff alleges that "Defendants ignored, delayed, and/or denied" him urgent medical care (*Id*., ¶ 36), but his Complaint is bereft of facts indicating Sheriff Black or the Doe Defendant knew that he needed care, how they knew he needed it, and what actions any of them specifically took to impede him from receiving it.

To the extent Plaintiff perhaps wishes to allege that Sheriff Black or the Doe Defendants are liable under § 1983 because of their supervisory status, "[a]t a minimum, [ ] plaintiff must show that a supervisory official at least implicitly authorized, approved [or] knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005).  In the Complaint, Plaintiff states exactly that— he twice alleges that the "Monroe County, Ohio Sheriff Defendants implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct."  (ECF No. 4, ¶¶ 49, 112.)  But a formulaic recitation of the elements of a claim is insufficient.  *Iqbal*, 556 U.S. at 678.  And the Complaint simply fails to provide any additional factual content from which the Court could reasonably infer that Sheriff Black or the Doe Defendants actively or tacitly approved of any wrongdoing.  Indeed, Plaintiff does not even plead if Sheriff Black or the Doe Defendants were, for instance, present when Sergeant Rush allegedly attacked him or when he required medical care.

Accordingly, Plaintiff's § 1983 claims against Sheriff Black and the Doe Defendants in their personal capacities should not be permitted to proceed. The Undersigned, however, further **RECOMMENDS** that Plaintiff be given the opportunity to amend his Complaint.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATED:  February 17, 2022

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE